THE PENNSYLVANIA RAILROAD COMPANY, PLAINTIFF-APPELLANT, v. L. EDWARD HERRMANN, DEFENDANT-APPELLEE.

Submitted December 2, 1915—Decided February 28, 1916.

The secretary to the governor of this state *held* to be one of the state officials that the legislature can constitutionally require to be carried free upon the railroads of this state, according to the test laid down in *Delaware, Lackawanna and Western Railroad* v. *Public Utilities Commission,* 85 *N. J. L.* 28.

---

On appeal from the District Court.

Before Justices PARKER, MINTURN and KALISCH.

For the appellant, *Vredenburgh, Wall & Carey.*

For the appellee, *Herbert Boggs.*

The opinion of the court was delivered by

PARKER, J.   This was a suit by the railroad company against Mr. Herrmann to recover the amount of a number of fares for passage over the plaintiff's road which defendant refused to pay.  The bill of particulars runs from February 3d, 1914, to October 20th, 1914, and amounts to $141.38. The defendant insisted upon his right to ride without payment of fare by virtue of a certificate signed by the secretary of state pursuant to the provisions of chapter 194 of the laws of 1914 (*Pamph. L., p.* 358), certifying that "L. Edward Herrmann, secretary to the governor, whose term of office expires January 8th, 1917, is entitled to pass and repass without payment of fare over any and all railroads in the State of New Jersey, within the borders of said state."

In each of the many cases specified the conductor or ticket collector (according to the memorandum of the court below) stated that the pass or certificate was not valid and did not entitle the defendant to ride, and demanded fare at the regular tariff, which was refused, whereupon the conductor handed to defendant a slip notifying him that the plaintiff was advised by its legal department that the defendant was not entitled to ride free on its trains, and that he was therefore requested to pay the proper fare.  The fare was never paid, and defendant continued to ride to his destination without further demand for fare, or objection from the agent of the plaintiff.   (We quote the language of the court below.)

This suit being brought as in *assumpsit* upon an implied promise to pay the fares, the retort was made and is now made that the plaintiff should not recover because the conductor did not offer to the defendant the alternative of paying or leaving the train.

It is further objected that inasmuch as defendant is a state official, and the state of the case shows that at the various times in question he was traveling upon state business (however, it does not show that the company was on any of such occasions notified of that fact), therefore the claim should be made against the state and not against the defendant individually.  We see no force in either of these objections and

find it unnecessary to consider them in detail, because the case should be disposed of on the broader ground set up by the defendant, that by virtue of the statute in question and of the production of the certificate in pursuance thereof, he was entitled to ride free, upon the defendant's road, within the State of New Jersey during his term of office.

The answer made to this by the railroad company is that the statute of 1914 is unconstitutional as in violation of the fourteenth amendment of the national constitution, and article 1, paragraph 16, of the state constitution, relating to the taking of private property without compensation.

The plaintiff company operates under an old charter from the state, which stipulates that certain state officials not including the defendant were to be carried free. The plaintiff's position, as we understand it, is that so far as it carried free the state officials mentioned in the charter, under the circumstances therein laid down, which are not material here, the plaintiff would be performing the contract duty; but as relates to other persons mentioned in later statutes the legislature was without constitutional power to impose any such obligation upon the railroad company, and the imposition thereof would amount to a taking of its property without compensation. This, in view of a recent decision of this court, is too broad a claim. The statute is valid so far as relates to the defendant as an exercise of the reserved right of the legislature to regulate corporations, or as an exercise of the police power. The matter was fully discussed in the decision to which we have just adverted, which is *Delaware, Lackawanna and Western Railroad Co.* v. *Public Utilities Board,* 85 *N. J. L.* 28. In that case it was held that so far as chapter 129 of the laws of 1911, a precisely similar statute, required railroads to carry free the members of the state water supply commission, it was unconstitutional and unenforceable. The reasons for so declaring it, as stated by Mr. Justice Garrison, are illuminative of the present controversy. He pointed out the harm that was done by the issue of complimentary passes by railroad companies because of the impression produced in the public mind, that public officials were placed under an

obligation, or a suspicion of obligation, to corporations whose affairs in their relation to the public were constantly calling for official action; and that in New Jersey the question was dealt with by legislation so that "the gratuity instead of being prohibited in whole or in part, was entirely eliminated by making the free transportation of certain governmental officers obligatory upon the railroads, a duty into the performance of which no element of gratuity could possibly enter." 85 *Id.* 34, 35.

It was further held that this legislation presented the proper element of the exercise of the reserved right of the legislature to amend charters of corporations, and also of police power; that the legislature was clearly within its rights in dealing with this problem as one of public concern and in the course of legislation by which its chosen policy in this regard was evinced and effectuated. 85 *N. J. L.* 35, 36. The test adopted by the court in deciding that case was whether the members of the state water supply commission belonged to that class of public officials whose favor might be advantageous or whose disfavor detrimental to the interests of railroad corporations in their dealings with the state. The example given in the opinion is that of members of the legislature by whom the laws affecting the corporations and their interests are made. This of course is perfectly plain. The same may be said of the governor, whose executive approval is necessary for all bills, whose constitutional duty it is to advise with the legislature as to matters of legislative policy, and who in practice is in close touch with the members of that body most if not all of the time; so that quite apart from any charter question, it is clear from the reasoning of Justice Garrison's opinion that a statute requiring members of the legislature and the governor to be carried free during their terms of office must be upheld as a constitutional exercise of the reserved right and of the police power. The same, in our opinion, should be said of the secretary to the governor, whose duties, as prescribed by the statute (*Comp. Stat., p. 3792, pl. 40*), are to "keep a correct record of all the executive proceedings and decisions and do all other acts appertaining to

his office which shall be required of him by the governor." It is a matter of common knowledge that the secretary of the governor is necessarily in the very closest possible touch with the executive, constantly in attendance upon him, necessarily enjoying his fullest confidence, presumably cognizant of everything that passes between the governor and the legislature or its members, and from the very nature of his employment and his close association with the executive power, conceivably in a position to exercise more or less influence, indirectly at least, upon the course of legislation or official action. That the good will of such an official might well be deemed advantageous to the railroads and his ill will something to be deprecated is a proposition that we think needs no argument; and it therefore follows that he is within the class of state officials that the legislature, in the exercise of its reserved power, and as a matter of public policy, was constitutionally entitled to require should be carried free.

The district court gave judgment for the defendant, based upon the language of the statute, without undertaking to deal with the constitutional question involved. This question having been resolved by us in favor of the defendant, the judgment of the District Court is affirmed.